IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JAMES POSEY FISHER, SR.,<br><br>Defendant. | CR 21-11-BLG-SPW<br><br>ORDER ON MOTION IN LIMINE |

Before the Court is Defendant James Fisher, Sr.'s Motion in Limine. (Doc. 43). Fisher seeks to exclude enhanced stills from a copy of security footage from the scene of the charged crime. (Doc. 43). Fisher asserts that the stills violate Federal Rule of Evidence 403, because they are more prejudicial than probative; and Rule 1003, because the stills are not true duplicates of the video evidence. (Doc. 44). Fisher further requests that, should the stills be admitted, any testimony by the agent who performed the image enhancement should be cabined to the method and process of enhancement.

The Government responds that the stills are admissible as duplicates under Rule 1003 because they were produced by an electronic process and accurately reproduce the original. (Doc. 46 at 3). The Government agrees that the agent who did the enhancement will testify only to the tasks he performed to produce the

1

enhanced stills and that he will not testify about what the video or stills depict. (Doc. 46 at 4). Other courts have considered whether enhancing an image from a video is acceptable under Rule 1003 and concluded that, assuming proper foundation is laid as to how the image has been enhanced, the copies are admissible. *See United States v. Seifert*, 445 F.3d 1043, 1045 (8th Cir. 2006); *United States v. Garcia-Zarate*, 419 F. Supp. 3d 1176, 1178-79 (N.D. Cal. 2020).

The Court has viewed the surveillance tape and the enhanced stills, as well as Stacey Evans' affidavit describing how the stills were enhanced. The Court finds that the images accurately reproduce the original and have not been altered in such a way to render them inauthentic or untrustworthy; they have been cropped, brightened, and sharpened. The stills are therefore admissible under Rule 1003.

To be excluded under Rule 403, evidence's probative value must be substantially outweighed by, among other things, unfair prejudice to the defendant. The Court cannot see how that standard is met here. Because the stills are merely reproductions of the original, they are not anymore prejudicial than the surveillance video itself. The video and stills are highly probative, as they depict the events at the crux of the case. Any prejudice flowing from this cannot be said to be unfair—it is the jury's province to decide what weight to give the video and stills and what conclusions deserve to be drawn from the evidence. The Court will not exclude the stills under Rule 403.

Accordingly, IT IS HEREBY ORDERED that Defendant's Motion in Limine (Doc. 43) is DENIED. To the extent Defendant is concerned about improper testimony from the enhancement technician, the Government has stated that they will not ask the technician to testify in such a way to trigger that concern; the Court will address the matter at trial, should it arise.

DATED this 9th day of February 2022.

SUSAN P. WATTERS
United States District Judge